UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-80846-CIV-MARRA

WEST PALM BEACH POLICE PENSION
FUND, individually and on behalf of all
others similarly situated,

Plaintiff,

vs.

COLLINS CAPITAL LOW VOLATILITY
PERFORMANCE FUND II, LTD., COLLINS
CAPITAL LOW VOLATILITY PERFORMANCE
FUND II, LP, COLLINS CAPITAL
INVESTMENTS, LLC,

Defendants.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendants' Motion to Dismiss (DE 22).  The Court

held oral argument on July 15, 2010.  The motion is fully briefed and ripe for review. The Court

has carefully considered the motion and the arguments of counsel and is otherwise fully advised

in the premises.

I.  Background

Plaintiff West Palm Beach Police Pension Fund ("Police Pension Fund" "Plaintiff")

brings this four-count Amended Class Action Complaint for breach of fiduciary duty (count one),

gross negligence (count two), unjust enrichment (count three) and declaratory relief (count four)

against Collins Capital Low Volatility Performance Fund II, Ltd. ("the Fund"), Collins Capital

Low Volatility Performance Fund II, LP ("the Sister Fund") and Collins Capital Investments,

LLC ("Collins Investments") (collectively, "Defendants").  (Am. Compl. ¶ ¶ 5-8.)  Plaintiff

brings this case as a class action on behalf of all persons or entities who were shareholders in the Fund between June 1, 2007 and December 11, 2008.   The Amended Complaint states that, unbeknownst to Plaintiff, a substantial portion of its investment in the Fund was turned over to Bernard L. Madoff ("Madoff") through Bernard L. Madoff Investment Securities ("BMIS").   The transfer was facilitated by the Fund's investment in the Rye Select Broad Market Prime Fund, LP (the "Feeder Fund").   Due to the Fund's alleged failure to conduct proper due diligence of its investments in the Feeder Fund, Plaintiff's investments were lost to Madoff's Ponzi scheme. (Am. Compl. ¶ 2.)   Plaintiff's losses also resulted from the gross negligence of "several entities" that facilitated Plaintiff's investments in the Fund. (Am. Compl. ¶ 3.)

The Amended Complaint also states as follows: On or about October 1, 2007, the Police Pension Fund placed $8,369,165.68 in the Fund.  (Am. Compl. ¶ 32.)  As of October 31, 2008, 9.93% of its investment was placed in the Feeder Fund for which BMIS served as the investment manager, and approximately $831,058.15 of the Police Pension Fund's investment in the Fund was funneled into and lost to the Madoff Ponzi scheme. (Am. Compl. ¶ 39.)   Multiple red flags should have alerted Defendants that Madoff was operating a fraud and their failure to invest in the Feeder Fund "leads only to the conclusion that Defendants conducted no due diligence whatsoever, or that their due diligence was so grossly negligent that they did not discover the red flags." (Am. Compl. ¶ 40; see also Am. Compl. ¶¶ 41-69.)

In moving to dismiss the Amended Complaint, Defendants argue that all claims against Collins Investments must be dismissed because Plaintiff lacks standing to assert derivative claims, all state claims are barred by the Securities Litigation Uniform Standards Act ("SLUSA") and Plaintiff fails to state any cognizable claims against any Defendant.

II.  Legal Standard

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b) (6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950.  When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

III.  Discussion

At the oral argument, Plaintiff's counsel acknowledged that the Amended Complaint did not clearly articulate what each Defendant allegedly did improperly.  Plaintiff's counsel explained that the claim against Collins Investments is based on the failure to perform the necessary due diligence, the claim against the Fund is based on the failure to monitor Collins Investments, and the claim against the Sister Fund is unclear prior to conducting discovery. Upon review, the Court agrees that the Amended Complaint lacks the necessary clarity and, by making allegations against Defendants collectively, lacks the required pleading precision. Although the Court will permit amendment, the Court is also able to make some preliminary rulings based on the current state of the pleading and Plaintiff's counsel's statements at the hearing.  With that in mind, the Court turns first to the claim against Collins Investments.

Collins Investments moves to dismiss, claiming that Plaintiff lacks standing to assert derivative claims against it.  A derivative suit has been defined as shareholders suing to "enforce a right belonging to the corporation for which the corporation itself could have brought suit." Medkser v. Feingold, 307 Fed. App'x 262, 264 (11th Cir. 2008) citing Daily Income Fund, Inc. v. Fox, 464 U.S. 523, 528-29 (1984); Citizens Nat'l Bank of St. Petersburg v. Peters, 175 So. 2d 54, 56 (Fla. Dist. Ct. App.1965). On the other hand, a direct action is "where the injury was sustained directly by the plaintiff bringing the suit and is separate and distinct from injuries sustained by the corporation and all other shareholders equally." Medkser, 307 Fed. App'x at 264 citing Citizens Nat'l Bank, 175 So. 2d at 56; Cowin v. Bresler, 741 F.2d 410, 415 (D.C. Cir.1984).  In deciding whether an action is direct or derivative, courts examine both the nature of the wrong alleged and the relief requested.  See, e.g., Alario v. Miller, 354 So. 2d 925, 926 (Fla. Dist. Ct.

4

App. 1978); <u>Tooley v. Donaldson, Lufkin & Jenrette, Inc.</u>, 845 A.2d 1031, 1039 (Del. 2004);

<u>Johnson v. Gore Wood & Co.</u>, 2 AC 1 (2002).[1]

By alleging that Collins Investments failed to conduct the necessary due diligence to

discover the Madoff Ponzi scheme (Am. Compl. ¶ ¶ 40, 70, 82, 88), Plaintiff has pled "a

paradigmatic derivative claim." <u>Stephenson v. Citgo Group Ltd.</u>, ---- F. Supp. 2d ----, 2010 WL

1244007, at  * 9 (S.D.N.Y. Apr. 1, 2010) <u>citing</u> <u>Albert v. Brown Mgmt. Serv., Inc.</u>, No. Civ.A.

762-N, 2005 WL 2130607, at * 13 (Del. Ch. Aug. 26, 2005) (a claim for deficient management

or administration of a fund that failed to detect the Madoff Ponzi scheme is a derivative claim);

<u>see</u> <u>also</u> <u>Medkser</u>, 307 Fed. App'x at 265 (noting that mismanagement claims are derivative

claims); <u>In re Franklin Mut. Funds Fee Litig.</u>, 388 F. Supp. 2d 451, 464 (D.N.J. 2005)

(dismissing claims pled as direct claims by a shareholder against a fund advisor); <u>Shahidi v.</u>

<u>Merrill Lynch, Pierce, Fenner & Smith, Inc.</u>, No. 2:02CV483FTM29SC, 2003 WL 21488228, at

* 3 (M.D. Fla. Apr. 28, 2003) (same); <u>Kramer v. Western Pacific Industries, Inc.</u>, 546 A.2d 348,

353 (Del. 1988) (claim of waste of assets by corporation's chair and president is a derivative

claim).  Furthermore, "the adviser [to the fund] owes fiduciary duties only to the fund, not to the

fund's investors." <u>Goldstein v.  S.E.C.</u>, 451 F.3d 873, 881 (D.C. Cir. 2006).  Consequently, no

independent duty runs from Collins Investments to its investors.  Moreover, when the relief

relates to injuries to the fund, and not injuries to the individual shareholder, it cannot be

---

[1] Defendants rely on British Virgin Island ("BVI") law and state that the Fund is
incorporated under BVI law.  However, as Defendants point out, both Florida and Delaware law
are consistent with the general principles of BVI law.  <u>Accord</u> <u>Medkser</u>, 307 Fed. App'x at 264
("The definitions of a derivative claim under both federal and Florida state law are similar and,
for the purposes of this suit, the discrepancies are not relevant.") Plaintiff's brief does not address
the choice of law issue.

recovered by a direct action. See, e.g., Medsker, 307 Fed. App'x at 265 ("the loss of value to these Plaintiffs' investment in [the fund] is indistinguishable from the loss to all other investors who were similarly harmed"); Johnson v. Gore Wood & Co., 2 AC 1 (explaining the "reflective loss rule" under BVI law).  In discussing the relief it seeks, Plaintiff points to its alleged loss of its value of its investment in the Fund and pleads that it was the Fund that made a losing investment due to the Madoff fraud.  (Am. Compl. ¶ ¶ 2, 83, 90.)

In response, Plaintiff relies upon Fraternity Fund Ltd. v. Beacon Hill Asset Mgmt. LLC, 376 F. Supp. 2d 385 (S.D.N.Y. 2005) and Medkser, 307 Fed. App'x at 263-64 for support of its claims.  With respect to Medkser, Plaintiff notes that the Court allowed several claims in that case to proceed as direct actions.  However, those claims were misrepresentation claims, not mismanagement claims.  The mismanagement claims could only proceed as derivative actions. Medkser, 307 Fed. App'x at 265.  Likewise, Fraternity Fund considered the plaintiff's breach of fiduciary duty claim which was based on misrepresentations. Under those circumstances, a direct action was proper.  Fraternity Fund, 376 F. Supp. 2d at 409.

Given the foregoing precedent, the Court finds that a derivative action against Collins Investments cannot go forward.  With respect to the claim against the Fund, the Court finds that it is not clearly pled.  While Plaintiff's counsel stated at oral argument that the claim against the Fund is based upon its failure to monitor Collins Investment properly, the Amended Complaint does not plead such a claim.  Although the Court is not able to say at this point that such a claim would state a valid cause of action, the Court will allow Plaintiff leave to amend, if it in good faith can do so, in order to allege the necessary privity between these entities and the duty of the Fund towards Collins Investments.  Likewise, as acknowledged by Plaintiff's counsel, the

Amended Complaint lacks any allegations regarding acts by the Sister Fund.  Therefore, Plaintiff

is also granted leave to amend to remedy this pleading deficiency if it can do so.  However, to the

extent that Plaintiff claims that it cannot plead a claim against the Sister Fund without engaging

in discovery, the Court reminds Plaintiff that "the purpose of discovery is to find out additional

facts about a well-pleaded claim, not to find out whether such a claim exists." Abrahams v.

Young & Rubicam, 979 F. Supp. 122, 129 (D. Conn.1997).

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** that Defendants'

Motion to Dismiss (DE 22) is **GRANTED IN PART AND DENIED IN PART**.  Plaintiff is

given leave to amend the Amended Complaint consistent with the directives in this Order.

Plaintiff shall filed a Second Amended Complaint **within 20 days of the date of entry of this**

**Order.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County,

Florida, this 26th day of July, 2010.

 

 

_____

KENNETH A. MARRA
United States District Judge